**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2631
_____

TRAVIS GOWER,
                                        Appellant

v.

JUDGE DANIEL CLIFFORD; MONTGOMERY COUNTY PA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-02262)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed May 27, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Travis Gower appeals from the District Court's order denying his motion pursuant to Federal Rule of Civil Procedure 60(b) to reopen his civil action that was dismissed with prejudice. For the following reasons, we will affirm the District Court's judgment.

In April 2025, Gower filed a complaint in the District Court against Montgomery County Court of Common Pleas Judge Daniel Clifford and Montgomery County.[1] He alleged that the defendants conspired to violate his due process rights. In a memorandum and separate order entered June 13, 2025, the District Court granted Gower's motion to proceed in forma pauperis, and screened and dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court determined that the complaint failed to satisfy Federal Rule of Civil Procedure 8 because it presented no factual allegations. Alternatively, the District Court liberally construed the complaint as alleging violations under 42 U.S.C. § 1983, and determined that the claims against Judge Clifford were barred by judicial immunity and the claims against Montgomery County, construed as claims against the Montgomery Court of Common Pleas, were barred by Eleventh Amendment immunity.

On July 17, 2025, Gower filed a "Motion to Reopen Case" pursuant to Rule 60(b). ECF No. 14. He claimed to have "new evidence and extraordinary circumstances" warranting relief from the judgment. Gower maintained that his new evidence of judicial misconduct and harassment demonstrates "a likelihood of success" on his § 1983 claims.

---

[1] The complaint was transferred from the District Court for the Middle District of Pennsylvania, where it was initially filed. *See* M.D. Pa. Civ. No. 4:25-cv-00580, ECF No. 1. It appears from the filings that, at that time, Judge Clifford was presiding over custody hearings between Gower and his ex-wife.

*Id.* at 7. Gower also sought a temporary restraining order (TRO) to "enjoin Judge Clifford from further judicial actions in these cases." *Id.* at 1-2. Finally, Gower requested to amend his complaint to include his new evidence.

By order entered August 14, 2025, the District Court denied the Rule 60(b) motion because it did not "cure the defects that led to the dismissal of the complaint or offer cognizable grounds for relief within the Court's jurisdiction to grant." ECF No. 15. Gower timely appealed from that order.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of Gower's Rule 60(b) motion for abuse of discretion. *See Jackson v. Danberg*, 656 F.3d 157, 162 (3d Cir. 2011).

We find no abuse of discretion here. Gower's alleged "new evidence" was not "newly discovered." Fed. R. Civ. P. 60(b)(2) (allowing relief from judgment based on evidence that could not have been discovered within time to move for new trial under Rule 59(b)). In particular, Gower alleged in his Rule 60(b) motion that "Judge Clifford questioned [him] and made statements about a private criminal complaints (sic) th[at] [Gower] filed against him, in an attempt to provoke and harass [Gower]." ECF No. 14 at 4. He also alleged that he was falsely arrested, and feared harm in prison, because he filed the "criminal complaint" against Judge Clifford. But both events allegedly

---

[2] The notice of appeal is timely only as to the District Court's order denying Rule 60(b) relief. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (stating that a Rule 60 motion suspends a judgment's finality only if it is filed within the time to file a Rule 59(e) motion; that is, within 28 days of its entry); *see also Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

3

happened on May 5, 2025, while Gower's civil complaint was still pending in the District Court, and thus they are not "newly discovered."

Gower also pointed to Judge Clifford's failure to recuse despite knowing about the private criminal complaint. Although he did not allege when the Judge decided not to recuse, that decision, like the Judge's statements from the bench, are actions taken by Judge Clifford in his judicial capacity and, thus, any claims based on those actions are barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (recognizing that judges are immune from suit for all judicial actions except those taken in the "clear absence of all jurisdiction").

Gower further alleged that "extraordinary circumstances" warranted relief from the judgment. Fed. R. Civ. P. 60(b)(6). Specifically, he referred to "the ongoing harassment, false arrest and conspiracy involving Judge Clifford and the Montgomery County [District Attorney]." ECF No. 14 at 7. Gower failed to allege any facts to support his conspiracy and harassment claims, let alone show that these circumstances provide a basis for vacating the dismissal of the original complaint.[3] Accordingly, the District Court did not abuse its discretion in denying Rule 60(b) relief.

---

[3] On appeal, Gower requests to expand the record to present new evidence pursuant to Federal Rule of Appellate Procedure 10(e) in support of his false arrest claim. *See* Appellant's Br. at 6-7. Generally, the purpose of Rule 10(e) is to ensure the accuracy of the record on appeal, not to introduce new evidence. *See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 97 (3d Cir. 1990) ("As an appellate court we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts." (citation omitted)). Even assuming we have "an inherent equitable power to supplement the record on appeal to include information not presented to the district court," *id.*, this case does not warrant special equitable consideration.

4

The District Court also properly determined that it lacked the mandamus authority to issue orders directing Judge Clifford to recuse himself or to cease taking any "further action in these cases." *See* 28 U.S.C. § 1651; *cf. In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"). And, finally, because he failed to satisfy the standards of Rule 60(b), Gower was not entitled to reopen his case and replead his complaint. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025) (recognizing that a movant must first satisfy the standards of Rule 60(b) before a court can determine whether leave to amend is warranted under Federal Rule of Civil Procedure 15).

Based on the foregoing, we will affirm the District Court's judgment.[4]

---

[4] Appellant's "Motion for Summary Judgement (sic) or Remand for Summary Judgement (sic)," "Motion for Summary Disposition," and letter-motion requesting to remove Michael Robinson from his case and appoint counsel are denied.